J-A02024-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                :          PENNSYLVANIA
                                :
            v.                  :
                                :
                                :
                                :
RAYMOND CHARLES WHITE           :
                                :
            Appellant           :    No. 580 WDA 2025

Appeal from the PCRA Order Entered April 16, 2025
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0013548-2000

BEFORE:  STABILE, J., MURRAY, J., and BECK, J.

MEMORANDUM BY MURRAY, J.:                **FILED: February 24, 2026**

Raymond Charles White (Appellant) appeals the order dismissing as untimely his fifth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.[1]  After careful review, we affirm.

The trial court summarized the relevant facts underlying Appellant's convictions:

> [On August 11, 2000, Appellant] and a friend, Antony "Pooter" Boyd[ (Pooter)], were in [the] Homewood [neighborhood of Pittsburgh, Pennsylvania,] at the residence of Pooter's girlfriend, Christine Anderson, when [Appellant and Pooter] left and headed to Hermitage Street in Homewood.  [Appellant and Pooter] agreed to walk to Lincoln Avenue to James "J.T." Thomas'[s (J.T.)] house in order to shoot him because [J.T.] had shot at them on the preceding day.  At the time, [Appellant] had on him a 45-caliber pistol, and Pooter carried a 9-millimeter pistol.

---

[1] Appellant has another appeal pending before this panel, at 607 WDA 2025, challenging the dismissal of his PCRA petition in a separate homicide case at trial court docket CR-0013546-2000.

[Appellant] and Pooter walked down Tennis Way, the alleyway behind J.T.'s house, toward Laxton Street, with their guns drawn. As they walked, [Appellant and Pooter] saw an African-American male on a bicycle pass them twice, but he did not see them. This African-American male was later identified as Anthony Underwood[ (Underwood)].

When they reached Laxton Street, [Appellant] and Pooter saw J.T. and a group of African-American males seated on a concrete wall. As [Appellant and Pooter] began to walk toward the wall to confront J.T., Underwood caught sight of them. [Appellant] then pointed his 45-caliber pistol at Underwood and fired five (5) shots at him as he rode his bicycle down Laxton [Street]. …. Underwood died [that same day], as a result of a gunshot wound to the trunk. …. [J.T. implicated Appellant as Underwood's killer.[2] Law enforcement subsequently apprehended Appellant.]

Trial Court Opinion, 6/30/03, at 3-4 (two paragraph breaks omitted; footnote added).

The Commonwealth charged Appellant with one count each of criminal homicide and criminal conspiracy to commit homicide.[3] The matter proceeded to a jury trial on July 16-23, 2002. Pertinently, at trial, former City of Pittsburgh Homicide Detective Richard McDonald (Detective McDonald) testified regarding his interrogation of Appellant following Appellant's

---

[2] At trial, J.T. recanted his statement to police, and stated "I really didn't actually see [Appellant]" at the time of the shooting. N.T., 7/16/02-7/23/02, at 272.

[3] 18 Pa.C.S.A. §§ 2501, 903(a)(1).

apprehension by law enforcement. A prior panel of this Court summarized

Detective McDonald's testimony:

> Detective McDonald stated that Appellant initially admitted to being present at the shooting[,] but denied shooting [Underwood]. N.T., 7/19/02 (morning session), at 65-66, 73. Appellant identified a second male, [*i.e.*, Pooter,] as the shooter responsible for [Underwood's] death. *Id.* [at 65.] Appellant explained to Detective McDonald that the events that led to the shooting death of [Underwood] stemmed from an incident that occurred on the prior day, involving, *inter alia*, Appellant, Pooter, and [J.T.] *Id.* at 73. During questioning by Detective McDonald, Appellant subsequently confessed[4] that he shot [Underwood], dismantled the gun, and disposed of the gun parts throughout the surrounding community. *Id.* at 75-78; *see also* N.T., 7/19/02 (afternoon session), at 13, 32-48; N.T., 7/22/02, at 408-[]12. [Detective] McDonald took notes of Appellant's statement describing [Appellant's] involvement in the shooting. N.T., 7/22/02, at 408-[]12. Upon memorializing Appellant's confession in his notes, Detective McDonald asked Appellant to review the notes, make any necessary corrections, and initial any corrections made, because Appellant refused to submit to an audio recording of his confession. *Id.* at 413-[]14; *see also* N.T., 7/19/02 (morning session), at 78-79.

***Commonwealth v. White***, 242 A.3d 420, 478 WDA 2019 (Pa. Super. 2020)

(unpublished memorandum at 16-18) (footnotes in original omitted; one

footnote added).

---

[4] On August 30, 2001, Appellant filed an omnibus pretrial motion seeking suppression of his confession. Therein, Appellant claimed he was subjected to, *inter alia*, "psychological coercion, duress[,] and intimidation by the officers." Suppression Motion, 8/3/01, ¶ 4(e).

On July 23, 2002, the jury convicted Appellant of third-degree murder,[5] and conspiracy to commit third-degree murder. On October 23, 2002, the trial court sentenced Appellant to an aggregate 30 to 60 years in prison. On August 24, 2004, we affirmed Appellant's judgment of sentence. ***See generally id.*** Appellant did not file a petition for allowance of appeal with our Supreme Court.

On January 18, 2006, Appellant, *pro se*, filed his first, untimely, PCRA petition, alleging ineffective assistance of trial counsel. PCRA Petition, 1/18/06, at 3. Acknowledging the untimeliness of his petition,[6] Appellant averred the "Department of Correction[s]/Commonwealth government officials interfered by failing to provide [Appellant] with legal material to timely file for [PCRA] relief." ***Id.*** (capitalization modified). On July 9, 2007, Appellant's court-appointed PCRA counsel filed a no-merit letter and petition to withdraw in accordance with ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 2008) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On July 11, 2007, the PCRA court granted counsel's motion to withdraw and issued Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's PCRA petition without a hearing.

---

[5] 18 Pa.C.S.A. § 2502(c).

[6] The PCRA requires that any PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final," unless the petitioner pleads and proves the applicability of an enumerated exception, discussed *infra*. 42 Pa.C.S.A. § 9545(b).

- 4 -

Significantly, **on August 3, 2007**, Appellant filed a *pro se* "Response to Petition to Withdrawal of Counsel" (2007 Response). Therein, Appellant alleged several substantive grounds for PCRA relief, including "police misconduct." Response, 8/3/07, at 3. Appellant claimed, *inter alia*, that Detective McDonald "intimidated and coerced [Appellant] until [his] will was overbo[]rne," presumably causing Appellant to falsely confess to homicide. *Id.* at 4. Appellant argued that trial counsel failed to raise at trial instances of prior police misconduct in an unrelated case, attaching as evidence "Exhibit A," a June 28, 2002, article from the Pittsburgh Tribune-Review, titled "Jury sides with Hill man, awards $25,000."[7] ***See id.***, Exhibit A; ***see also*** Appellant's Brief at 8 (Appellant observing that, "[o]n June 28, 2002, a [civil] judgment was entered against Detective McDonald in the United States District Court for the Western District of Pennsylvania. ***Manns v. City of Pittsburgh, et. Al***, 2:00-cv-838, ECF No. 53 (W.D.Pa. Jun[e] 28, 2002).").

Exhibit A detailed claims made by Clyde Manns (Manns) relative to Manns's 2002 civil trial seeking damages resulting from alleged civil rights violations committed by Detective McDonald and other City of Pittsburgh detectives during Manns's interrogation. *Id.*, Ex. A at 1. Manns claimed Detective McDonald and other "city detectives detained [Manns] for 12 hours

_____

[7] Appellant designated the two pages of the newspaper article as Exhibits A and B, respectively. For ease of reference, we refer to the collective exhibits as Exhibit A.

without food, water or bathroom access during the investigation of the June 1999 fatal stabbing of Michelle Tigney, 29, of the Hill District." *Id.* The article revealed that the "jury found that [] Detective [] McDonald … violated Manns'[s] rights to due process." *Id.*, Ex. A at 2.

On August 1, 2007, the PCRA court dismissed Appellant's first PCRA petition. We subsequently affirmed the dismissal, and our Supreme Court denied allowance of appeal. *Commonwealth v. White*, 959 A.2d 470, 1881 WDA 2007 (Pa. Super. 2008) (unpublished memorandum), *appeal denied*, 958 A.2d 1048 (Pa. 2008).

We previously summarized the ensuing procedural history:

On October 27, 2008, Appellant filed, *pro se*, his second PCRA petition raising claims of, *inter alia*, ineffective assistance of counsel and government interference. Counsel was appointed to represent Appellant and subsequently filed a ***Turner***-***Finley*** no-merit letter. On July 7, 2010, the PCRA court notified Appellant of its intent to dismiss the PCRA petition pursuant to Rule 907. Appellant did not file a response. On October 20, 2010, the PCRA court dismissed Appellant's petition. [Appellant did not file a direct appeal].

On December 21, 2011, Appellant filed, *pro se*, his third PCRA petition raising a claim of ineffective assistance of PCRA counsel and alleging [Appellant] never received notice of the PCRA court's intent to dismiss his second PCRA petition or the order dismissing the same. On March 22, 2012, the PCRA court notified Appellant of its intent to dismiss his third PCRA petition pursuant to Rule 907. Appellant filed, *pro se*, a response alleging, *inter alia*, that PCRA counsel abandoned him. The PCRA court dismissed Appellant's third PCRA petition on April 12, 2012. Appellant filed, *pro se*, a notice of appeal on May 2, 2012. This Court reversed the dismissal of Appellant's third PCRA petition and remanded the case with instructions. ***Commonwealth v. White***, 64 A.3d 289, 2013 WL 11288929 (Pa. Super. 2013) (unpublished memorandum at 1). This Court found, "the PCRA court failed to consider the

'no-merit' letter at all, and that notice of the [PCRA court's intent to dismiss and subsequent dismissal order were] given solely to PCRA counsel." *Id.* (original brackets omitted) (unpublished memorandum at 2). On remand, PCRA counsel was instructed to provide Appellant a copy of the no-merit letter. *Id.* The PCRA court, after an independent review of the record, was to provide Appellant notice of its intent to dismiss pursuant to Rule 907 in order to provide Appellant an opportunity to respond. *Id.*

On February 13, 2013, PCRA counsel filed a petition to reinstate Appellant's second PCRA petition *nunc pro tunc*[, which, although not included within the certified record, the PCRA court apparently granted]. On November 19, 2013, the PCRA court notified Appellant of its intent to dismiss Appellant's second PCRA petition pursuant to Rule 907. Appellant filed, *pro se*, a response on February 24, 2014. On February 25, 2014, the PCRA court dismissed Appellant's second PCRA petition but did not grant counsel permission to withdraw. Appellant filed, *pro se*, a notice of appeal on March 17, 2014. This Court, finding PCRA counsel was not granted permission to withdraw, was unable to address the merits of Appellant's *pro se* claims and remanded the case with instructions to determine counsel's status. ***Commonwealth v. White***, 118 A.3d 440, 2015 WL 7587158 (Pa. Super. 2015) (unpublished memorandum at 7-8).

On January 20, 2015, the PCRA court granted counsel's petition to withdraw. Having retained jurisdiction, this Court determined that because Appellant perfected his underlying *pro se* appeal, the PCRA court's subsequent order, upon remand, granting counsel permission to withdraw was a nullity. ***Commonwealth v. White***, 120 A.3d 1047, 2015 WL 7458884 (Pa. Super. 2015) (unpublished memorandum at 2). This Court remanded the case and instructed the PCRA court to conduct a [] hearing [pursuant to ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998),] to determine if Appellant waived assistance of counsel. *Id.*

After conducting a ***Grazier*** hearing, the PCRA court determined that Appellant knowingly, intelligently, and voluntarily waived his right to counsel, and granted counsel's petition to withdraw on March 20, 2015. This Court subsequently affirmed the PCRA court's dismissal of Appellant's second PCRA petition. ***Commonwealth v. White***, 122 A.3d 447, 2015 WL 7194237 (Pa. Super. May 12, 2015) (unpublished memorandum at 9).

***White***, 242 A.3d 420 (unpublished memorandum at 2-3) (footnotes and one citation omitted; some citations and punctuation modified).

On August 20, 2018, Appellant, represented by the Federal Public Defender's Office, filed his fourth PCRA petition, requesting a new trial based on the proffer of a newly-discovered eyewitness. PCRA Petition, 8/20/18, ¶¶ 16-17. The PCRA court deemed Appellant's fourth PCRA petition timely, finding Appellant had pled and proved the newly-discovered facts exception to the PCRA's jurisdictional time-bar, ***see*** 42 Pa.C.S.A. § 9545(b)(1)(ii).[8] PCRA Court Opinion, 8/20/19, at 5. Following an evidentiary hearing, the PCRA court denied Appellant's petition as "patently frivolous." Order, 3/5/19.

---

[8] Section 9545(b)(1) provides that a facially untimely PCRA petition is not time-barred where the petitioner pleads and proves:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

On appeal, we remanded for the PCRA court to "determine[e] definitely whether it found the eyewitness to be credible and, if so, whether her testimony would likely produce a different verdict in this case if a new trial were granted." *White*, 242 A.3d 420 (unpublished memorandum at 5) (citation omitted). The PCRA court filed a supplemental opinion complying with our directives, and we affirmed the PCRA court's order denying Appellant's fourth PCRA petition. *Id.* (unpublished memorandum at 5, 22). Our Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. White*, 255 A.3d 1255 (Pa. 2021).

On October 1, 2021, Appellant, still represented by the Federal Public Defender's Office, filed the instant PCRA petition, his fifth. Citing constitutional violations and after-discovered evidence, *see* 42 Pa.C.S.A. § 9543(a)(2)(i), (vi), as substantive bases for PCRA relief, Appellant alleged he is entitled to a new trial "based on newly-discovered *Brady*[9] evidence that was not disclosed at the time of trial." PCRA Petition, 10/1/21, ¶ 25 (footnote added). Appellant asserted as his basis for PCRA relief, that,

> a judgment was entered against Detective [] McDonald in a civil suit filed in the Western District of Pennsylvania[ (the judgment)]. *See* Verdict and Settlement Summary attached as Exhibit B. In this case, Plaintiff, [] Manns, a suspect in a homicide investigation, was detained by Detective McDonald and interrogated for 12[]½ hours. *Id.* During the interrogation, he was denied water, food, medication, access to the bathroom, and use of a telephone. *Id.* Detective McDonald proceeded to a jury trial before Judge Robert

---

[9] *Brady v. Maryland*, 373 U.S. 83 (1963).

Mitchell. ***Id.*** Jurors found in favor of … Manns, and awarded him compensatory and punitive damages. ***Id.***

PCRA Petition, 10/1/21, ¶ 27(a).[10]

On May 1, 2023, the Commonwealth filed an answer, arguing Appellant's fifth PCRA petition should be dismissed as untimely filed. Commonwealth Answer, 5/1/23, at 23. On January 10, 2024, the PCRA court issued Rule 907 notice of its intent to dismiss Appellant's petition without a hearing. Appellant did not file a response. On April 16, 2025, the PCRA court dismissed Appellant's petition. Appellant timely filed a notice of appeal. Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant raises the following issues:

1. Did 42 Pa.[]C.S.[A.] § 9545(b)(1)(i) apply to permit review of [Appellant's] facially untimely PCRA petition?

---

[10] Appellant argued his petition was timely filed pursuant to 42 Pa.C.S.A § 9545(b)(1)(i) and (ii). Appellant did not indicate in his petition when he learned of the judgment. Appellant claimed, however, that when he discovered the judgment,

the public record rule found in ***Commonwealth v. Taylor***, 67 A.3d 1245, 1248 (Pa. 2013), precluded him from raising the claim. On October 1, 2020, the Pennsylvania Supreme Court overruled ***Taylor*** and held that there is no longer a presumption that a defendant would know facts that were available in the public record. ***Commonwealth v. Small***, 238 A.3d 1267, 1269 (Pa. 2020). Therefore, pursuant to ***Small***, this evidence is now cognizable for the first time under the [PCRA].

PCRA Petition, 10/1/21, ¶ 39. Appellant presumably, therefore, represented in his petition that he learned of the judgment on some date between the filing of ***Taylor***, in 2013, and ***Small***, in 2020.

2.      Did the Commonwealth's failure to disclose exculpatory information violate[] [Appellant's] due process right and require a new trial?

3.      Does the after-discovered evidence warrant a new trial under 42 Pa.[]C.S.[A.] § 9543(a)(2)(vi)?

4.      Whether the United States and Pennsylvania Constitutions prohibit the incarceration of a person who is actually innocent?

Appellant's Brief at 4.

"Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error." ***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa. Super. 2014).

As set forth above, under the PCRA, any petition, "*including a second or subsequent petition*, shall be filed within one year of the date the judgment of sentence becomes final[.]"  42 Pa.C.S.A. § 9545(b)(1) (emphasis added). "[T]he timeliness of a PCRA petition is a jurisdictional requisite." ***Commonwealth v. Brown***, 111 A.3d 171, 175 (Pa. Super. 2015) (citation omitted).  Here, it is undisputed that Appellant's fifth PCRA petition is facially untimely.

However, Pennsylvania courts may consider an untimely petition if the petitioner pleads and proves one of the three exceptions set forth under Section 9545(b)(1)(i)-(iii).  Any petition invoking one of these exceptions "**shall be filed within one year of the date the claim could have been presented**."  42 Pa.C.S.A. § 9545(b)(2) (emphasis added).  "The PCRA

petitioner bears the burden of proving the applicability of one of the exceptions." ***Commonwealth v. Spotz***, 171 A.3d 675, 678 (Pa. 2017).

In his first issue, Appellant claims the PCRA court erred in concluding his fifth PCRA petition was untimely filed, and that the PCRA court lacked jurisdiction to consider his claims. Appellant's Brief at 19. Appellant attempts to invoke the governmental interference exception at Section 9545(b)(1)(i), and argues that the judgment "was material to [Appellant's] motion to suppress, impeachment of Detective McDonald at trial, and as evidence that his confession was likely influenced by Detective McDonald's coercive tactics." Appellant's Brief at 20. Appellant maintains the Commonwealth's purported failure to apprise him of the judgment constituted a ***Brady*** violation and governmental interference, which excuses the untimeliness of the instant petition. ***Id.*** at 19-20.

"To plead and prove the governmental interference exception, [the petitioner] must show 'the failure to raise the claim previously was the result of interference by government officials.'" ***Commonwealth v. Reeves***, 296 A.3d 1228, 1231 (Pa. Super. 2023) (quoting 42 Pa.C.S.A. § 9545(b)(1)(i)). "In other words, [the petitioner] is required to show that but for the interference of a government actor 'he could not have filed his claim earlier.'" ***Commonwealth v. Staton***, 184 A.3d 949, 955 (Pa. 2018) (quoting ***Commonwealth v. Stokes***, 959 A.2d 306, 310 (Pa. 2008)).

Our Supreme Court has explained that,

[a]lthough a **_Brady_** violation may fall within the governmental interference exception, the petitioner must plead and prove the failure to previously raise the claim was the result of interference by government officials, **and the information could not have been obtained earlier with the exercise of due diligence**_._

**_Commonwealth v. Abu-Jamal_**, 941 A.2d 1263, 1268 (Pa. 2008) (citation omitted; emphasis added); **_see also Commonwealth v. Breakiron_**, 781 A.2d 94, 98 (Pa. 2001) (concluding that the appellant did not satisfy the governmental interference exception, where he "failed to set forth any evidence as to when and how he discovered the **_Brady_** material that the Commonwealth allegedly withheld from him. He fails to offer a reasonable explanation as to why this information, with the exercise of due diligence, could not have been obtained earlier." (footnote and citations omitted)).

Appellant "acknowledges that this Court has, in prior opinions, imposed a due diligence requirement on the government[al] interference exception. However, such a requirement is inconsistent with the plain language of the [PCRA] and with [Pennsylvania] Supreme Court precedent."[11] Appellant's

_____

[11] To the extent Appellant suggests that 42 Pa.C.S.A. § 9545(b)(1)(i) is unconstitutional, this argument is waived for failure to raise the claim within his PCRA petition. **_See Commonwealth v. Lambert_** 797 A.2d 232, 240-41 (Pa. 2001) (where appellant failed to raise several claims in his PCRA petition, stating "[i]ssues not raised before the lower court are waived and cannot be raised for the first time on appeal." (citation omitted)); **_see also Commonwealth v. Papp_**, 305 A.3d 62, 71 (Pa. Super. 2023) ("Even issues of constitutional dimension cannot be raised for the first time on appeal." (citation omitted)). In his PCRA petition, Appellant did not challenge the constitutionality of the PCRA's imposition of a due diligence requirement on defendants seeking to establish the governmental interference exception. _(Footnote Continued Next Page)_

Brief at 22 (citing *Commonwealth v. Towles*, 300 A.3d 400, 422 (Pa. 2023) (Justice Wecht, concurring)). According to Appellant, "placing any burden on a defendant to uncover *Brady* information is not consistent with the Constitution." *Id.* at 23.

Without reference to his 2007 Response, Appellant cites *Small*, *supra*, to support his claim that the potential availability of newspaper articles discussing the judgment did not relieve the Commonwealth of its obligation under *Brady* to disclose the judgment. Appellant's Brief at 20-22. The *Small* Court, in analyzing the newly-discovered facts exception[12] to the PCRA's time-

_____

Instead, Appellant argued he "is not required to show that he acted with diligence to discover the Commonwealth's constitutional violation." PCRA Petition, 10/1/21, ¶ 41 (citing, without noting its nonprecedential status, *Commonwealth v. Hardy*, 249 A.3d 1179 (Pa. Super. 2021) (unpublished memorandum at 15 n.12) (stating, in passing, "that [a]ppellant correctly argues that he is not required to show that he acted with diligence in discovering a claim of governmental interference ….")); *see also* Pa.R.A.P. 126(b) (unpublished nonprecedential memoranda decisions of the Superior Court, filed after May 1, 2019, may be cited for their persuasive value).

[12] On appeal, Appellant appears to abandon his claim that the newly-discovered facts exception excuses the untimeliness of his fifth PCRA petition. Appellant does not cite Section 9545(b)(1)(ii) in his principal brief, instead focusing (in his third issue) on the substantive merits of his **after-discovered** evidence claim. Appellant's Brief at 29; *see also Commonwealth v. Williams*, 244 A.3d 1281, 1289 n.20 (Pa. Super. 2021) ("It is only *after* a petitioner establishes jurisdiction by pleading and proving the newly-discovered facts exception that he or she can then present a substantive after-discovered evidence claim pursuant to section 9543(a)(2)(vi) of the PCRA." (emphasis in original; one citation omitted)).

Even if preserved, as Appellant wholly fails to discuss his efforts to uncover the two decades' old "new fact" of the judgment, his claim under the newly-
*(Footnote Continued Next Page)*

- 14 -

bar, abrogated the "public records exception," under which matters of public record could not be deemed "unknown" under Section 9545(b)(1)(ii). ***Small***, 238 A.3d at 1286. Appellant argues that "[t]he mere fact that there were two [newspaper] articles covering Detective McDonald's trial in 2002, a time when the internet was not as widely accessible or searchable, does not alleviate the Commonwealth of its ***Brady*** obligations." Appellant's Brief at 22.

In his reply brief, Appellant claims that "evidence of [the] judgment[ was] unknown to [Appellant] and could not have been ascertained within one year of finality of the conviction." Appellant's Reply Brief at 4. Without providing the date he became aware of the judgment, Appellant represents that "[w]hen [he] discovered the evidence, the public record rule found in ***Taylor***, 67 A.3d at 1248[, ***overruled by Small***, 238 A.3d at 1286], precluded him from raising the claim." ***Id.*** at 4 (citation modified). Because he filed the instant petition within one year of the ***Small*** decision, Appellant argues, his petition is timely. ***Id.*** at 5.

The Commonwealth counters that Detective McDonald's judgment "is not ***Brady*** material; it is a matter of public record." Commonwealth Brief at

---

discovered facts exception would fail. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(ii) (requiring a petitioner invoking the newly-discovered facts exception to plead and prove that "the facts upon which the claim is predicated were unknown to the petitioner **and could not have been ascertained by the exercise of due diligence**" (emphasis added)). Further, as discussed *infra*, Appellant's explicit knowledge of the judgment in 2007 would defeat his newly-discovered fact claim.

18. According to the Commonwealth, Detective McDonald's judgment was "equally accessible to both parties[,] and cannot serve as the basis for a *Brady* violation." *Id.* Even if Detective McDonald's judgment was *Brady* material, the Commonwealth argues, Appellant failed to plead and prove that he raised the governmental interference exception within one year of the date it could have first been presented. *Id.* at 19 (citing 42 Pa.C.S.A. § 9545(b)(2)). The Commonwealth argues that Appellant "fails to prove the alleged *Brady* material could not have been obtained earlier with the exercise of due diligence." *Id.* at 20; *see also id.* at 18 ("It is well-settled that there is no *Brady* violation where the parties had equal access to information or if the petitioner knew of or could have uncovered the evidence with reasonable diligence." (quoting *Commonwealth v. Sattazahn*, 869 A.2d 529, 534 (Pa. Super. 2005)).

Instantly, although neither the parties nor the PCRA court addressed Appellant's 2007 Response, it is dispositive of Appellant's timeliness issue. *See Commonwealth v. McCready*, 295 A.3d 292, 297 (Pa. Super. 2023) ("[W]e may affirm the decision of the PCRA court if there is any basis on the record to support the PCRA court's action; this is so even if we rely on a different basis in our decision to affirm." (citation and brackets omitted)). As explained above, **on August 3, 2007**—more than five years before our Supreme Court decided *Taylor*, and nearly fourteen years before he filed his fifth PCRA petition—Appellant filed his 2007 Response to his first PCRA

- 16 -

counsel's ***Turner***/***Finley*** letter and petition to withdraw as counsel. Therein, Appellant claimed his trial counsel was ineffective for failing to raise at trial the allegedly coercive interrogation tactics of Detective McDonald and other City of Pittsburgh homicide detectives. Response, 8/3/07, at 3-4. In support of his argument, Appellant attached Exhibit A, **which detailed the very judgment Appellant represented, in his underlying PCRA petition, that he was unaware of until sometime between 2013 and 2020**. *Id.*, Exhibit A at 1-2.

As the record conclusively establishes Appellant knew of the judgment no later than August 3, 2007, Appellant has failed to establish that he brought his claim "within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). Accordingly, the PCRA court did not err by dismissing Appellant's fifth PCRA petition. Appellant's first issue merits no relief.[13]

In his final issue, Appellant argues that "newly-discovered and other relevant evidence demonstrates [Appellant's] actual innocence of the crime for which he was convicted." Appellant's Brief at 39. Appellant argues "that a claim of actual innocence may, in certain exceptional cases, be a basis for relief under the Eighth or Fourteenth Amendment to the United States

---

[13] In view of our disposition, we do not consider Appellant's second and third issues, which pertain to the substantive merits of Appellant's request for PCRA relief.

Constitution." ***Id.*** (citation omitted). Appellant additionally invokes Pennsylvania Constitution "Article I, Section 9 (that trials must follow the 'law of the land')[,] and Article I, Section 13 (prohibiting 'cruel and unusual punishments')." ***Id.*** Appellant argues that "Pennsylvania's history of fierce protection of citizens' rights against 'arbitrary' action of the State supports the recognition of a free-standing innocence claim under Article I, Section 9." ***Id.*** at 41-42.

Appellant did not raise his constitutional claims—arguing that he is entitled to relief irrespective of the PCRA's time-bar—in his PCRA petition. Accordingly, they are waived. ***See Commonwealth v. Santiago***, 855 A.2d 682, 691 (Pa. 2004) ("We have stressed that a claim not raised in a PCRA petition cannot be raised for the first time on appeal.").

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

2/24/2026